IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GENE A. MUTTER and <br> LEONARD M. RICE, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | No. 06-3259 |
| GLENN SANDERS, individually and in his official capacity as a conservation officer for the Illinois Department of Natural Resources; and MATT LENTZ, individually and in his official capacity as a conservation officer for the Illinois Department of Natural Resources, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendants' partial motion to dismiss.

Plaintiffs Gene A. Mutter and Leonard M. Rice filed a joint three-count complaint against Defendants Glenn Sanders and Matt Lentz,

1

wherein they alleged constitutional violations as well as violations of state law. The allegations in the complaint relate to the Plaintiffs' November 8, 2005 arrest, for various violations of the Illinois Wildlife Code. The Defendants are sued in both their official and individual capacities.

The Defendants contend that the Plaintiffs' claims against them in their official capacities are barred by the Eleventh Amendment and should be dismissed. The Defendants further note that the Plaintiffs have alleged a violation of their due process rights under the Fifth Amendment. Because the Defendants are state employees, they move to dismiss the due process claims on the basis that the Fifth Amendment applies only to federal officials.

The Plaintiffs acknowledge that their claims against state employees in their official capacities are barred by the Eleventh Amendment. Thus, any references in the complaint to claims against the Defendants in their official capacities will be stricken.

In Count One of their complaint, Plaintiffs allege that their civil rights were violated pursuant to 42 U.S.C. §§ 1983 and 1988, "including their

rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be secure in their person and property and to be free from unlawful interrogation, detention, arrest, and deprivation of property." The Defendants contend that the Plaintiffs' Fifth Amendment claim must be dismissed because the due process clause of the Fifth Amendment applies only to federal officials.

The Plaintiffs note they have alleged that they occupied a house in Pittsfield, Pike County, Illinois.  One or both of the Defendants entered the house without a warrant and without consent, and the Plaintiffs were interrogated for a substantial period of time.  Following a stipulated bench trial, the Plaintiffs were found not guilty of the criminal charges.  They contend, therefore, that their complaint states a claim for relief for violation of the privileges afforded them under the Fifth Amendment.  The Plaintiffs argue that their Fifth Amendment claim should not be dismissed because that amendment is made applicable to the State by virtue of the Fourteenth Amendment.

It would appear to be largely moot whether the Fifth Amendment

claim is dismissed, since the Plaintiff has also alleged claims under the Fourteenth Amendment. That Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." Because the Defendants are employees of the State of Illinois, that language in the Fourteenth Amendment would appear to be more applicable than the similar language in the Fifth Amendment. However, that would not affect whether the Plaintiffs' civil rights claims go forward.

Ergo, the Defendants' partial motion to dismiss [d/e 8] is ALLOWED IN PART and DENIED IN PART. It is ALLOWED as to the Plaintiffs' claims against the Defendants in their official capacities. It is otherwise DENIED. The parties are Directed to contact United States Magistrate Judge Charles H. Evans for the purpose of scheduling a discovery conference.

ENTER: March 20, 2007

                        FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge